Robert B. KRAUSS, Jr. and Ethelene F. Krauss, Plaintiffs,

v.

KEIBLER–THOMPSON CORP., a Pennsylvania Corporation, and Keibler Industries, Inc., a Pennsylvania Corporation, Defendants.

Civ. A. No. 75–360.

United States District Court, D. Delaware.

Nov. 22, 1976.

Harvey B. Rubenstein, Wilmington, Del., for plaintiffs.

William F. Taylor, and James B. Tyler, III, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for defendants.

OPINION

MURRAY M. SCHWARTZ, District Judge.

Robert B. Krauss, Jr. and Ethelene F. Krauss (hereinafter referred to as "plaintiff") filed this action seeking damages for injuries suffered when Robert B. Krauss, Jr. was struck by part of a machine owned, maintained, and operated by defendant Keibler-Thompson Corp. The plaintiff has filed a motion to strike the affirmative defenses of contributory negligence and assumption of the risk asserted by the defendant. There are several procedural problems which must be addressed before examining the merits of this motion.

The plaintiff has characterized his motion as a motion to strike under F.R.Civ.P. 12(f)

or, alternatively, as a motion for partial summary judgment under F.R.Civ.P. 56(d).[1] The defendant has argued that the motion is untimely under Rule 12(f) and that Rule 56(d) does not apply to a motion to strike an affirmative defense.

■ The issue raised by these procedural arguments has been addressed only infrequently. *See* 10 Wright & Miller, *Federal Practice and Procedure* § 2737, at 679–80 (1973). Where courts have discussed whether a motion to strike an affirmative defense is proper under Rule 56(d), different conclusions have been reached. In *Furman v. General Dynamics Corp.*, 377 F.Supp. 37 (S.D.N.Y.1974), the plaintiff moved to strike the defense of the statute of limitations and the court stated that a "motion to strike a defense is the equivalent of a motion for partial summary judgment . . .." *Id.* at 43.[2] But in *Bernstein v. Universal Pictures, Inc.*, 379 F.Supp. 933 (S.D.N.Y.1974),[3] the court refused to consider a motion to dismiss certain affirmative defenses as a Rule 56 motion and instead considered it as a motion under Rule 12(f). *Id.* at 936. The weight of authority and a close textual examination of the Rules convinces this Court that a motion to strike an affirmative defense can be considered only as a Rule 12(f) motion and is not a proper motion under Rule 56(d).

Prior to the 1948 amendments to the Federal Rules of Civil Procedure, both courts and litigants had struggled with the proper method for raising the insufficiency of a defense.[4] The amendment to Rule 12(f) in 1948 was intended to correct this problem and to afford "a specific method of raising the insufficiency of a defense."[5] In addition to the express textual commitment of Rule 12, the language of Rule 56(d) militates against the proposition that a motion to strike affirmative defenses is proper under Rule 56. The word "motion" in subsection (d) of Rule 56 refers to a motion directed toward "all or any part" of a "claim."[6] A motion to strike an affirmative defense does not fall within this limited definition. The drafters of the Rules may have overlooked this exclusion unwittingly during their deliberations, but this Court cannot rewrite Rule 56(d) on the basis of what it thinks the drafters meant to say or what it thinks they should have said. Obviously there are substantial policy reasons for permitting the use of a partial summary judgment motion to dispose of defenses which have no basis in fact.[7] But, at present Rule 56 does not allow such a motion and a court cannot disregard the text of a rule simply because it believes its case would be handled more effectively by grafting an exception onto the rule. The weight of authority appears to support this construction of Rules 12(f) and 56(d).[8] Therefore, insofar

1. Rule 12(f) provides:

   "Upon motion by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

   Rule 56(d) provides in part:

   "If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. . . ."

2. *See also Kramer v. Living Aluminum Inc.*, 38 F.R.D. 347 (S.D.N.Y.1965).

3. *Rev'd on other grounds* 517 F.2d 976 (2d Cir. 1975).

4. *See Indemnity Insurance Co. of North America v. Pan American Airways*, 58 F.Supp. 338, 339 (S.D.N.Y.1944).

5. *See* the 1948 Advisory Committee Note to Rule 12, 5 F.R.D. 433, 445.

6. Compare F.R.Civ.P. 56(a) with 56(d).

7. *See* Wright & Miller, *supra*, § 2737 at 680.

8. *See, e. g., Uniroyal, Inc. v. Heller*, 65 F.R.D. 83, 86 (S.D.N.Y.1974); *Bernstein v. Universal Pictures, Inc.*, 379 F.Supp. 933, 936 (S.D.N.Y. 1974), *rev'd on other grounds*, 517 F.2d 976 (2d Cir. 1975); *Old Dutch Farms Inc. v. Milk Drivers & Dairy Emp. Loc. U. No. 584*, 281 F.Supp. 971, 975–76 (E.D.N.Y.1968).

as the plaintiff has moved under Rule 56(d) to strike the defendant's affirmative defenses, that motion is denied.

■ By treating this as a Rule 12(f) motion, there is an additional procedural hurdle for the plaintiff to overcome. Rule 12(f) provides, in relevant part, that a motion to strike must be made by a party within 20 days after service of the pleading upon him. The defendant has urged that the affirmative defenses this motion seeks to strike were asserted in the defendant's original answer to the complaint. Since the motion to strike was not filed until several months later (after the answer to the amended complaint was filed), the motion is not timely. The Court is inclined to think that the motion was timely since it was filed within 20 days of the defendant's answer to the amended complaint. It is unnecessary, however, to decide this question because Rule 12(f) also permits the court on its own initiative to entertain a motion to strike. This language has been interpreted to allow the court to consider untimely motions to strike.[9] In any event, the Court, in its discretion, will consider the motion in the interest of insuring a fair and efficient trial.[10]

■ The third procedural issue raised by this motion is whether it is appropriate for the court to consider matters outside the pleadings in deciding whether to strike the affirmative defenses. Normally matters outside the pleadings are not considered on a Rule 12(f) motion.[11] There is, however, authority to support consideration of such matters[12] and one commentator has described the practice of reviewing only the pleadings as "regrettable."[13]

There may indeed be strong policy reasons for permitting a court to look outside the pleadings in ruling on a motion to strike, but this Court is bound by the Federal Rules of Civil Procedure as they presently are drafted. Rule 12(b) and (c) provide for the conversion of motions under those sections to Rule 56 motions for summary judgment when matters outside the pleadings are to be considered. There is no comparable conversion clause contained in Rule 12(f) and, as discussed above, a motion to strike is not proper under Rule 56 itself. Whether this was an oversight by the drafters, as one authority has suggested,[14] is not relevant. The point is that the conversion language implicitly refutes the proposition that outside material can be considered on a Rule 12(f) motion; in order for the Court to consider such material, it must treat the motion as one under Rule 56. Since the drafters did not insert any such language into Rule 12(f), this motion may not be decided on the basis of material outside the pleadings. Both of the distinguished authorities, cited above as critical of this conclusion as a practical matter, also have conceded the correctness of this analysis of Rule 12(f) motions.[15] Therefore, plaintiff's motion under Rule 12(f) to strike the defendant's affirmative defenses will be considered on the basis of the pleadings, the briefs and the arguments, excluding any references to depositions.

---

9. *See Stonybrook Tenants Ass'n, Inc. v. Alpert,* 29 F.R.D. 165 (D.Conn.1961); *Rosenblatt v. United Air Lines, Inc.,* 21 F.R.D. 110 (S.D.N.Y. 1957).

10. *Cf.* 15 Wright & Miller, *supra,* § 1380 at 785–86.

11. In this regard, the case of *Ciprari v. Servicos Aereos Cruzeiro do sul, S.A.,* 245 F.Supp. 819 (S.D.N.Y.1965), *aff'd* 359 F.2d 855 (2d Cir. 1966), highlights the connection between the issue of what matters may be considered by the court and the Rule 56(d) issue discussed above. Judge Wyatt in *Ciprari* ruled that matters outside the pleadings may not be considered in a Rule 12(f) motion. However, since the parties had stipulated to certain facts which the judge felt should be examined in deciding the motion, he treated the motion as one for partial summary judgment. *Id.* at 820.

12. *See, e. g., Wilkinson v. Feild,* 108 F.Supp. 541 (D.Ark.1952); *Vernon Lumber Corp. v. Harcen Construction Co.,* 60 F.Supp. 555 (S.D. N.Y.1945).

13. 2A J. Moore, *Moore's Federal Practice,* ¶ 12.-21[3], at 2438 (1975).

14. Wright & Miller, *supra,* § 1381 at 789.

15. J. Moore, *supra,* ¶ 12.21[3] at 2438 n. 40; Wright & Miller, *supra,* § 1381 at 789.

■ Turning finally to the merits of this motion, it should be noted at the outset that motions to strike are viewed with disfavor. *Louisiana Sulphur Carriers Inc. v. Gulf Resources & Chem. Corp.,* 53 F.R.D. 458, 460 (D.Del.1971). Because of their dilatory character and drastic effect, these motions are infrequently granted; only those defenses clearly insufficient as a matter of law will be stricken.[16]

■ Under Delaware law, the law of the place where the tort occurs governs the substantive rights of the parties.[17] *Bowl-Mor Co., Inc. v. Brunswick Corp.,* 297 A.2d 61 (Del.1972). Both parties agree that under Delaware law the proper definitions of assumption of the risk and contributory negligence to be used in evaluating the legal sufficiency of the defenses are found in the Restatement (Second) of Torts, §§ 468 and 496D.[18] Clearly, the defenses of contributory negligence and assumption of the risk, if proven, are effective defenses to a claim of negligence, one of the several claims asserted by the plaintiff as grounds for relief. The plaintiff's motion to strike can only be granted if the facts viewed most favorably to the defendant cannot as a matter of law support the affirmative defenses.

The essence of the plaintiff's argument to strike the defense of contributory negligence is that the harm to him did not occur from one of the hazards which his conduct created. The problem with this argument is that it relies heavily on the deposition testimony of several persons as to the hazards created by a person standing in close proximity to the particular machine, known as a "Slag-Eater" and used to remove old bricks from electric furnaces prior to relining with new bricks. As described above, the Court cannot consider this testimony in ruling on this motion, as it is outside the pleadings. Further, there is nothing in the pleadings themselves to indicate that there is no possible factual basis for the defendant's affirmative defense of contributory negligence.

Similarly, the plaintiff's argument on the defense of assumption of the risk relies heavily on deposition testimony to demonstrate that the plaintiff could not have known of the risk that caused his injury nor appreciated the danger to him. Again, however, there is nothing in the pleadings alone, irrespective of what is contained in the depositions, that would challenge the legal sufficiency of the affirmative defense of assumption of the risk.[19]

**16.** *See Old Dutch Farms, Inc. v. Milk Drivers & Dairy Emp. Local U. No. 584, supra,* 281 F.Supp. at 976.

**17.** Jurisdiction in this case is conferred by 28 U.S.C. § 1332 and thus Delaware law provides the rule of decision.

**18.** Section 468 provides:
"The fact that the plaintiff has failed to exercise reasonable care for his own safety does not bar his recovery unless his harm results from one of the hazards which make his conduct negligent".
Section 496D provides:
"Except where he expressly so agrees, a plaintiff does not assume a risk of harm arising from the defendant's conduct unless he then knows of the existence of the risk and appreciates its unreasonable character."

**19.** Even if this Court were to follow the example of Judge Wyatt in the *Ciprari* case, see n. 11 *supra,* and the deposition testimony were considered, the Court is unconvinced that the plaintiff could sustain his burden on this motion. Both parties have conceded that the plaintiff, two hours before the injury to him occurred, had seen the air hose separate from the machine and whip back. This earlier incident differed from the incident which injured the plaintiff in that the air hose separated at the point it screws into a metal connection, which, in turn, screws into a jack hammer. The plaintiff was injured when the hose *and* the metal connection separated from the jack hammer, whipped back and the metal connection at the end of the air hose struck the plaintiff. Several inferences can be drawn from these facts: 1) That the prior incident put the plaintiff on notice only that the air hose might separate from the jack hammer; 2) That the prior incident reassured the plaintiff of the air hose connection because it was retightened after the separation; 3) That the prior incident put the plaintiff on notice that the air hose might break loose at any point. Thus, this testimony creates sufficient issues of fact that the affirmative defenses should not be struck; rather the defendant deserves the right to litigate these issues fully at trial.

Therefore, on the basis of the foregoing discussion, the plaintiff's motion to strike the defendant's affirmative defenses of contributory negligence and assumption of the risk will be denied.