TULKKU v MACKWORTH REES DIVISION OF AVIS
INDUSTRIES, INC

Docket No. 60066. Argued November 14, 1978 (Calendar No. 5).—
Decided July 25, 1979. On motions for rehearing, cause re-
manded to Court of Appeals for consideration of the issues of
the scope of the retrial in this case and the applicability of
*Placek v City of Sterling Heights,* 405 Mich 638 (1979), and
MCL 600.2945; MSA 27A.2945 upon such retrial. See 407 Mich
1148.

Karl Tulkku brought a products liability action against Mack-
worth Rees Division of Avis Industries, Inc., and Illinois Tool
Works, Inc., for injuries he received while operating an indus-
trial punch press fitted with safety devices manufactured by
Mackworth Rees using switches manufactured by Illinois Tool
Works. The plaintiff alleged that the defendants had negli-
gently provided a palm button safety device with a defective
switch for the press. The Wayne Circuit Court, Richard D.
Dunn, J., instructed the jury, contrary to the plaintiff's request,
that contributory negligence is a defense to plaintiff's claim and
entered a judgment for the defendants on the jury's verdict of
no cause of action. The Court of Appeals, R. M. Maher and J. H.
Gillis, JJ. (M. J. Kelly, P.J., concurring), affirmed (Docket No.
26312). Plaintiff appeals. In an opinion by Justice Blair Moody,
Jr., joined by Justices Kavanagh, Williams, Levin, Fitzgerald,
and Ryan, Chief Justice Coleman concurring in the result, it
was *held:*

1. The rationale of the holding that contributory negligence
does not bar recovery in an action where the plaintiff's injuries
resulted from failure of the defendant to provide *any* safety
device applies in a case where there was a failure to provide an
*adequate* safety device; the distinction between "adequate" and
"any" is specious. The doctrine of contributory negligence has
been rejected as a defense to an action for failure of a defen-
dant to implement reasonable safety precautions on the ground
that the policy of the law of torts, in addition to the compensa-

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 57 Am Jur 2d, Negligence § 288 *et seq.*

63 Am Jur 2d, Products Liability § 123 *et seq.*

74 Am Jur 2d, Torts §§ 15, 43, 45, 51.

New Topic Service, Occupational Safety and Health Acts §§ 8, 9, 33,
34. Validity, construction, and application of personal protection
equipment subpart of OSHA General Industrial Standards (29
CFR §§ 1910.132-1910.140). 39 ALR Fed 141.

tion of victims, is to encourage implementation of reasonable safeguards against risks of injury. There is nothing in that policy which would lead one to conclude that it was meant to apply only to an employer or manufacturer who totally abdicated his duty.

2. An inadequate or defectively designed safety device is the practical equivalent of no safety device. But the inherent danger posed by the inadequate safety device may constitute a greater risk for the employee than no device at all. The construction worker or the employee in an industrial setting has come to rely on the effectiveness of the safety equipment he uses. There is no way that the employee can protect himself from inherently dangerous, defectively designed safety equipment because there is no way that the employee can comprehend or appreciate the danger posed. A jury could properly conclude in this case that a cause of the injury was the job environment which had conditioned the plaintiff to rely on the equipment being used as what it says it is, namely, safety equipment. The employee should not be required to temper his behavior because of a defect of which he is unaware.

3. To allow the defendants to invoke the protection of the doctrine of contributory negligence would be tantamount to subverting the very safety concerns which have been extolled as being of paramount importance. It would be anomalous to hold that there is a duty to install safety devices but that a breach of that duty results in no liability for the very injury the duty was meant to prevent. If courts are to continue to foster the protection of the worker and to encourage manufacturers to take all reasonable precautions in designing and manufacturing safety devices, the discredited doctrine of contributory negligence cannot be allowed to undermine these goals. Therefore, contributory negligence is no bar to recovery where evidence has been presented of the defendant's causal negligence in the design or manufacture of a safety device.

4. During the appeal in this case the Legislature enacted 1978 PA 495, concerning products liability actions, and the Court adopted the doctrine of comparative negligence to replace that of contributory negligence. The effect of the legislation and decision, if any, on this case was not considered because the complex issue was neither argued nor briefed before it.

Reversed and remanded for a new trial.

76 Mich App 472; 257 NW2d 128 (1978) reversed.

1. PRODUCTS LIABILITY — NEGLIGENCE — SAFETY DEVICES — CONTRIB-
UTORY NEGLIGENCE.

Contributory negligence is not a bar to recovery for product
liability on a theory of negligence in failing to provide a proper
safety device if a question of negligence in connection with the
design or manufacture of the safety device is presented by the
evidence.

2. PRODUCTS LIABILITY — TORTS — NEGLIGENCE — SAFETY DEVICES.

The policy behind the law of torts is more than compensation of
victims; it seeks also to encourage implementation of reasona-
ble safeguards against risks of injury, and there is nothing in
this policy which leads to a conclusion that it was meant to
apply only to the employer or manufacturer who totally abdi-
cated his duty to provide safety equipment.

3. PRODUCTS LIABILITY — NEGLIGENCE — SAFETY DEVICES.

An inadequate or defectively designed safety device may pose a
greater risk for the employee using it than no device at all; a
construction worker or an employee in an industrial setting has
come to rely on the effectiveness of the safety equipment he
uses for his protection, and the worker should not be required
to temper his behavior because of a defect in a safety device of
which he is unaware.

4. PRODUCTS LIABILITY — NEGLIGENCE — SAFETY DEVICES — CONTRIB-
UTORY NEGLIGENCE.

The doctrine of contributory negligence cannot be allowed to
undermine the goals of fostering the protection of the worker
and encouraging manufacturers to take all reasonable precau-
tions in designing and manufacturing safety devices; it would
be anomalous to hold that a defendant has a duty to install
safety devices but that a breach of that duty results in no
liability for the very injury the duty was meant to prevent.

*Goodman, Eden, Millender & Bedrosian* (by
*James A. Tuck, Joan Lovell* and *William H. Good-
man)* for plaintiff.

*Dice, Sweeney, Sullivan & Feikens* (by *Ronald
DeNardis)* for defendant Mackworth Rees.

*Kitch & Suhrheinrich, P.C.,* for defendant Illi-
nois Tool Works, Inc.

BLAIR MOODY, JR., J. We granted leave to appeal to consider whether contributory negligence is a defense in a products liability action where it is alleged that defendant's failure to provide an *adequate* safety device was the proximate cause of plaintiff's injury. In so doing, we are asked to consider whether the decision of this Court in *Funk v General Motors Corp,* 392 Mich 91; 220 NW2d 641 (1974), which held that contributory negligence was no defense where plaintiff's injuries resulted from defendant's failure to provide *any* safety device, is applicable to the facts of the case at bar. Because we find the distinction between "adequate" and "any" safety device is specious, we hold that the rationale of *Funk* controls and that contributory negligence is no defense in the instant case.

Accordingly, we reverse the Court of Appeals and the trial court and remand for a new trial.

## FACTS

On October 4, 1967, plaintiff, Karl Tulkku, suffered an injury to his left hand in a press accident at the Chrysler Sterling Stamping Plant. The press which plaintiff was operating at the time of the accident was one that required two operators for the completion of a cycle. In order to activate the press, each operator was required to depress two palm buttons and to hold them down until the press had completed its downward cycle. The palm buttons had been installed as safety devices to prevent an operator's hand from being in the die area while the press was in operation.

At the time of the accident, plaintiff's co-worker had depressed both of his palm buttons and plaintiff had depressed his right-hand palm button while attempting to blank a piece of metal caught

in the rear of the press with his left hand. With only three buttons depressed, the press inexplicably cycled causing severe injury to plaintiff's hand.

Upon a subsequent investigation, it was discovered that the plastic case on the snap-action microswitch in plaintiff's left-hand palm button was broken in the area where the cover was screwed to the top of the switch. The broken plastic case caused the switch to fail with the result that the press completed its cycle without the palm button having been pushed.

Plaintiff brought suit alleging both negligence and breach of warranty against defendant Mackworth Rees, the manufacturer of the palm button assembly, and Illinois Tool Works, the manufacturer of the switch.

At the close of proofs, plaintiff requested the following instruction be given regarding contributory negligence:

> "It is the plaintiff's claim in this case that the defendants were negligent in supplying a defective and inadequate safety device; namely, the Mackworth Rees palm button and the Licon switch which was a component part of that palm button. * * * In this case the defendants have asserted contributory negligence or lack of due care on the part of the plaintiff in his own behalf as a defense. While contributory negligence is a defense in many negligence actions, I instruct you that where the defendants have failed to provide a proper, adequate and suitable safety device, contributory negligence is no defense whatsoever. You may not consider contributory negligence if you find that there was such a failure on the part of the defendants to provide a proper, adequate and suitable safety device and that such failure was a proximate cause of the plaintiff's injuries."

The trial court refused the proffered instruction but rather gave the Standard Jury Instruction

concerning contributory negligence, *i.e.,* that contributory negligence would bar plaintiff's negligence claim.

The jury returned a verdict of no cause of action. The Court of Appeals affirmed. 76 Mich App 472; 257 NW2d 128 (1977).

## Discussion

The issue in the instant case is clearly drawn, *i.e.,* whether contributory negligence should act to bar recovery where evidence has been presented of defendant's negligence in the design or manufacture of a safety device.

One of the first courts to reject application of the defense of contributory negligence in a factual setting involving safety devices was the New York Court of Appeals in *Koenig v Patrick Construction Corp,* 298 NY 313; 83 NE2d 133 (1948). In *Koenig,* a window cleaner was seriously injured when he fell from a ladder which was not equipped with any safety devices. The court refused to consider the plaintiff's alleged contributory negligence, enunciating the following policy:

"They [workmen] usually have no choice but to work with the equipment at hand, though danger looms large. The legislature recognized this and, to guard against the known hazards of the occupation, required the employer to safeguard the workers from injury caused by *faulty* or *inadequate* equipment. If the employer could avoid this duty by pointing to the concurrent negligence of the injured worker in using the equipment, the beneficial purpose of the statute might well be frustrated and nullified." *Koenig, supra,* 318-319. (Emphasis added.)

This statement of policy of the *Koenig* court was quoted and adopted in full by this Court in *Funk.*

In *Funk* a construction worker was injured when he fell from the roof of a building on which he was working. In a negligence action, plaintiff charged that his injury resulted from defendant's failure to implement any reasonable safety precautions. Drawing on *Koenig,* the *Funk* Court rejected contributory negligence as a defense and held as follows:

> "We discern no reason why the same principle [as stated in *Koenig]* should not govern if the trier of fact finds that the employer-defendant's breach of a common-law duty to provide safety equipment is the cause in fact of plaintiff's injury." *Funk, supra,* 114.

Defendants in the instant case would have us limit this holding in *Funk* to fact situations where there was a total abrogation of the duty to provide safety equipment. We reject this contention.

This Court in *Funk* carefully considered the policy ramifications of its decision and articulated them as follows:

> "The policy behind the law of torts is more than compensation of victims. It seeks also to encourage implementation of *reasonable* safeguards against risks of injury." *Funk, supra,* 104. (Emphasis added.)

There is nothing in this important statement of policy which would lead us to conclude that the policy was meant to apply only to the employer or manufacturer who totally abrogated his duty.

An inadequate or defectively designed safety device is the practical equivalent of no safety device. But the inherent danger posed by the inadequate safety device may constitute a greater risk for the employee than no device at all. The construction worker or the employee in an indus-

trial setting has come to rely on the effectiveness of the safety equipment he or she uses. There is no way this employee can protect himself from inherently dangerous, defectively designed safety equipment because there is no way the employee can comprehend or appreciate the danger posed.

The Court in *Funk* concluded:

"A jury could properly conclude that a cause of Funk's injury was the job environment created by the defendants which had conditioned him to work without regard to the conspicuous absence of safety equipment." *Funk, supra,* 112-113.

This rationale is equally true when applied to the facts of the instant case. The employee has become "conditioned" to believe that the equipment being used is what it says it is, namely, safety equipment. The employee cannot and should not be required to temper his or her behavior because of a defect about which the employee has no awareness.

To allow defendants in this case to invoke the protection of the contributory negligence doctrine would be tantamount to subverting the very safety concerns that the *Koenig* and *Funk* courts extolled as of paramount importance. Such a position might allow a manufacturer to escape its duty of due care, as the New Jersey Supreme Court has noted:

"It would be anomalous to hold that defendant has a duty to install safety devices but a breach of that duty results in no liability for the very injury the duty was meant to protect against. We hold that under the facts presented to us in this case the defense of contributory negligence is unavailable." *Bexiga v Havir Manufacturing Corp,* 60 NJ 402, 412; 290 A2d 281 (1972). (Citations omitted.)

If we are to continue to foster the protection of the worker and to encourage manufacturers to take all reasonable precautions in designing and manufacturing safety devices, we cannot allow the discredited doctrine of contributory negligence to undermine these goals.

We, therefore, hold that contributory negligence is no bar to recovery where evidence has been presented of defendant's causal negligence in the design or manufacture of a safety device.

Our holding today necessarily requires remand to the trial court for a new trial. We note that during the pendency of this appeal, this Court decided *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), and the Michigan Legislature enacted legislation which affects the manner in which products liability actions are to be treated by the courts of this state. MCL 600.2945; MSA 27A.2945. However, we must presently decline to consider the effect of *Placek* and that legislation, if any, on the holding we have reached today as this complex issue was neither argued nor briefed before us.

## CONCLUSION

We, therefore, conclude that contributory negligence will not bar recovery where evidence has been adduced of defendant's causal negligence in the design or manufacture of a safety device.

The Court of Appeals is reversed.

KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, and RYAN, JJ., concurred with BLAIR MOODY JR., J.

COLEMAN, C.J., concurred in the result.