**Charles POST, Plaintiff,**

v.

**TEXTRON, INC., a Delaware corporation, and Homelite, Division of Textron, Inc., Defendants.**

No. G79–625 CA.

United States District Court, W.D. Michigan, S.D.

Jan. 20, 1983.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This is a personal injury action with diversity jurisdiction. The Court previously held that Michigan law prevented the defendants from raising the defense of comparative negligence in this case. Defendants have now moved for reconsideration of that decision based upon a new opinion of the Michigan Supreme Court.

As noted in this Court's earlier Opinion, 531 F.Supp. 45 (1981), a federal district court is bound in a diversity case to follow published decisions of intermediate state appellate courts in the absence of any opinion of the highest state court, unless it is convinced by persuasive data that the highest state court would rule otherwise. *Ruth v. Bituminous Casualty Corp.,* 427 F.2d 290 (6th Cir.1970). In the Court's earlier Opinion, it relied on several published decisions of the Michigan Court of Appeals in holding that Michigan law did not recognize a comparative negligence defense when an alleged failure to provide reasonably adequate safety devices occurred "in the work place." A reconsideration of that result is now warranted by the Michigan Supreme Court's opinion in *Hardy v. Monsanto Enviro-Chem Systems, Inc.,* 414 Mich. 29, 323 N.W.2d 270 (1982).

In *Hardy* the Michigan Supreme Court was required to determine the effect of the doctrine of comparative negligence on the decisions in *Funk v. General Motors Corp.,* 392 Mich. 91, 220 N.W.2d 641 (1974), which held that contributory negligence was not a defense to an alleged failure to provide safety equipment, and in *Tulkku v. Mackworth Rees Division of Avis Industries, Inc.,* 406 Mich. 615, 281 N.W.2d 291 (1979), which held that contributory negligence was not a defense to an allegedly negligent design or manufacture of a safety device. The *Hardy* court held:

> Since the defense of comparative negligence serves not to undermine but to enhance safety in the workplace, we are of the view that comparative negligence is available as a defense in those cases where *Funk* and *Tulkku* formerly prohib-

ited the application of the contributory negligence defense. We conclude that negligence in the failure to provide an "adequate safety device" in the workplace is therefore subject to the comparative negligence defense, assuming that any evidence of the plaintiff's negligence exists.

414 Mich. at 29, 323 N.W.2d 270.

Plaintiffs argue in favor of a narrow construction of the *Hardy* decision, noting that the Court often used the term "contractor" when it could have said "employer," and that in footnote twelve the Court declined to speculate about the effect of comparative negligence on the law of products liability. This Court is not persuaded that it should limit the effect of *Hardy* to cases involving construction sites. Plaintiff's approach would result in a separate rule for cases alleging negligence involving safety devices in the workplace but not on construction sites. Such an approach is clearly inconsistent with the rationale of *Hardy.* The *Hardy* court observed that, "The misguided emphasis on the magic words 'safety device' has already begun to lead to absurd, confusing, and therefore unfair results." 414 Mich. at 46, 323 N.W.2d 270. The Court went on to endorse "the application of comparative negligence to *all* workplace negligence" (emphasis in original), and to explicitly assert a preference for "a unitary approach to negligence under which both the plaintiff and defendant are charged with the duty to act reasonably under all the circumstances." *Id.* at 47, 323 N.W.2d 270.

Based on *Hardy,* this Court concludes that defendants are entitled to an opportunity to prove comparative negligence on the part of the plaintiff.

## ORDER

In accordance with the Opinion dated January 20, 1983, IT IS HEREBY ORDERED that defendants' motion for reconsideration is granted and that defendants may assert the defense of comparative negligence in this matter.

IT IS SO ORDERED.