**Raymond A. WADE and Ruth Wade, Plaintiffs-Appellants,**

v.

**DESCENT CONTROL and U.S. Forgecraft Corp., Defendants-Appellees.**

**No. 81–1261.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 3, 1983.

Decided Feb. 16, 1984.

Sherwin Schreier, argued, Southfield, Mich., for plaintiffs-appellants.

James A. Markle, Thomas DiPietro, Daniel Castner, argued, Detroit, Mich., for defendants-appellees.

**112**

Before MERRITT and JONES, Circuit Judges, and JOHNSTONE, District Judge.*

NATHANIEL R. JONES, Circuit Judge.

In this products liability case plaintiffs appeal from an order of the district court denying their motion for a new trial and dismissing their action for breach of express and/or implied warranties and negligence.

Plaintiff-appellant, Raymond A. Wade, was injured on September 1, 1977 in the course of employment. He was employed as an iron worker and fell approximately 30 feet when a safety hook manufactured by defendant-appellee, U.S. Forgecraft Corp., did not close onto a bar which plaintiff thought he was hooked on to. Plaintiff sued defendant, Forgecraft, and a trial by jury was held in 1981.

The issues raised on this appeal are (1) whether the misconduct of defense counsel deprived plaintiffs of their right to a fair trial, (2) whether the trial court erred in admitting evidence of misuse when it refused to admit evidence of contributory negligence, and (3) whether the court's final jury instructions, particularly its instruction with respect to misuse, were erroneous.

*Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) requires a federal court sitting in a diversity case to apply the substantive law of the state in which it sits. Under Michigan law at the time of the trial, evidence of contributory negligence could not be used as a defense in a products liability case involving a safety device. *Tulkku v. Mackworth Rees, Division of Avis Industries, Inc.,* 406 Mich. 615, 281 N.W.2d 291 (1979). Accordingly, the trial judge in the case at bar refused to admit any evidence of contributory negligence. It did, however, admit evidence of misuse. Plaintiffs contend that evidence of misuse should have been inadmissible as well as evidence of contributory negligence because the distinction between the two theories is so vague.

In 1978, the Michigan Legislature enacted a products liability statute, M.S.A. § 27A.2945 *et seq.* [M.C.L.A. § 600.2945 et seq.], which adopted a comparative negligence rather than contributory negligence standard in all products liability cases. M.S.A. § 27A.2949 [M.C.L.A. § 600.2949]. Thus, contributory negligence on the part of a plaintiff would no longer be a complete bar to recovery.

In 1982, the Supreme Court of Michigan held that the products liability statute should be applied to all products liability cases "accruing and sued upon prior to the enactment of the provision but brought to trial after the effective date of that provision." *In re Certified Questions From the United States Court of Appeals for the Sixth Circuit,* 416 Mich. 558, 331 N.W.2d 456, 459 (1982). The Supreme Court of Michigan also held that evidence of comparative negligence is admissible in cases involving safety devices. *Hardy v. Monsanto Enviro-Chem Systems, Inc.,* 414 Mich. 29, 323 N.W.2d 270 (1982). Therefore, the trial court in the case at bar should have admitted evidence of contributory negligence as well as evidence of misuse.

■ We hold that the trial court's jury instruction on misuse was erroneous in light of the trial court's ruling that evidence of contributory negligence was inadmissible because it actually instructed the jury on contributory negligence rather than misuse. But because current Michigan Law would allow evidence of contributory negligence to be admitted, the error was harmless. We further hold that the admission of evidence on misuse was appropriate. With respect to the conduct of defense counsel, the trial court did not abuse its discretion in denying plaintiffs' motion for a new trial. *Cleveland v. Peter Kiewit Sons' Co.,* 624 F.2d 749 (6th Cir.1980). Accordingly, the judgment of the district court is AFFIRMED.

MERRITT, Circuit Judge, concurring.

Although the District Court's failure to instruct on comparative negligence was error, as were the District Court's rulings and

---

* The Honorable Edward H. Johnstone, U.S. District Judge for the Western District of Kentucky, sitting by designation.

instructions on misuse, I do not find the error to affect the "substantial rights of the parties" under Rule 61, Federal Rules of Civil Procedure. We are admonished by the rule to "disregard any error or defect in the proceedings" below that is not substantial. The plaintiff's case on liability is exceedingly weak. I can see no disputable issue for the jury to decide on either negligence or design defect. I do not believe that there is evidence from which a rational jury could find the defendant liable under either theory, negligence or strict liability, and therefore the errors committed by the District Court were harmless under Rule 61. I therefore agree with and concur in the Court's disposition and add this separate opinion to explain more fully my reasons for voting to affirm.