BAKER *v.* ROSEMURGY.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PLAINTIFF'S DEPOSITION.
    Plaintiff's testimony on deposition, in action sounding in negligence, warranty, and strict liability against manufacturer and seller of rifle with defective safety, that plaintiff, a hunter of 40 years' experience, knew of defect soon after purchase of rifle and yet used it for 3 years in defective condition without communicating his knowledge of the defect to anyone, shows contributory negligence as a matter of law, even though plaintiff also testified that he was not sure that safety was defective.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 38 Am Jur, Negligence §§ 174, 181, 182, 184, 188, 189, 201.
[2, 5] 38 Am Jur, Negligence § 348.
    41 Am Jur, Pleading §§ 340–342.
[3] 46 Am Jur, Sales §§ 337, 338, 377, 378, 730.
[4] 56 Am Jur, Weapons and Firearms § 31.

2. SAME—CONTRIBUTORY NEGLIGENCE—SUMMARY JUDGMENT.
   Summary judgment dismissing plaintiff's negligence counts in action against manufacturer and seller of defective rifle, *held,* properly granted, where plaintiff's testimony on deposition showed his contributory negligence as a matter of law (GCR 1963, 117).

3. SALES—WARRANTY—DEFECTIVE GOODS—KNOWLEDGE OF DEFECT.
   Plaintiff has no cause of action in implied warranty against manufacturer and seller of rifle with defective safety when he had knowledge of defect soon after purchasing rifle but used it for 3 years without communicating his knowledge to anyone.

4. WEAPONS—STRICT LIABILITY—DEFECTIVE PRODUCT—KNOWLEDGE OF DEFECT—USE.
   Plaintiff has no cause of action in strict liability against manufacturer and seller of rifle with defective safety, where he discovered defect and was aware of danger, and yet unreasonably proceeded to make use of rifle for 3 years before defective safety caused injury to him.

5. JUDGMENT—SUMMARY JUDGMENT—PLAINTIFF'S TESTIMONY ON DEPOSITION.
   Summary judgment *held,* properly granted as to manufacturer, distributor, and seller of rifle on basis of plaintiff's deposition showing his contributory negligence as a matter of law in defenses to counts in negligence, warranty, and strict liability (GCR 1963, 116, 117).

Appeal from Ontonagon; Wright (Robert R.), J. Submitted Division 3 May 6, 1966, at Marquette. (Docket No. 686.) Decided September 13, 1966.

Complaint by Leslie C. Baker against William Rosemurgy, doing business as Gamble's Store, Olin (Winchester-Western Division), and Gamble-Skogmo, Inc., for injuries sustained when rifle with allegedly defective safety catch discharged, with counts sounding in negligence, warranty, and strict liability in tort. Summary judgment for defendants on all counts. Plaintiff appeals. Affirmed.

*Messner & LaBine (Walter T. Dartland, of counsel), for plaintiff.*

*Wisti & Jaaskelainen, for defendant Gamble-Skogmo, Inc.*

*Clancey & Hansen (Walter L. Hansen, of counsel), for defendant Olin.*

FITZGERALD, J.   On November 29, 1961, plaintiff was deer hunting in the woods in Ontonagon County, his rifle's safety mechanism allegedly in the "on" safety position.   In the course of the hunting trip, plaintiff fell, the rifle dropped, struck the ground and discharged, inflicting severe and permanent injuries to plaintiff's legs.

Plaintiff brought suit against those involved in the manufacture and sale of the rifle which he had originally purchased in 1959, claiming the safety mechanism was defective.   The complaint states that the rifle was manufactured by defendant Olin, sold by Olin to defendant Gamble-Skogmo, Inc., which in turn supplied the rifle to defendant Rosemurgy, from whom the rifle was purchased by plaintiff.

Plaintiff had used the rifle for deer hunting during the seasons of 1959, 1960 and 1961, his injury occurring during the 1961 season.

Plaintiff's complaint claimed the rifle was defective when he bought it and set forth 9 counts sounding in negligence, breach of warranty, and strict liability in tort.   Demand for a jury trial was made and in the course of preparation for trial, defendants took plaintiff's deposition.   On the basis of this deposition, defendant Olin moved for dismissal under GCR 1963, 116, supplementing the motion to make it a motion for summary judgment under GCR 1963, 117, and it was so treated by the court.   Similar motions were made by the codefendants and no counter-

affidavits were filed by plaintiff. Summary judgment was entered in favor of all defendants, a motion for rehearing filed by plaintiff was denied, and appeal was brought to this Court.

The question on appeal is whether the trial court properly granted summary judgment on the issues of negligence and contributory negligence, and on the issues of warranty and strict liability in tort based upon plaintiff's testimony in his adverse discovery deposition or whether that deposition established a jury-submissible issue of fact.

Plaintiff contends that an issue arises from his own deposition since some of his answers tend to be equivocal and conjectural. He says in effect that he is not positive beyond a doubt that the weapon was defective and was reluctant to ascribe any seeming faults to the weapon itself, but that he withheld judgment because his own physical condition might have caused the difficulty.

A sampling of the general tone of the transcript will reveal that there was little doubt in plaintiff's mind but that something was wrong with the safety mechanism on the rifle, indeed his doubts appear to have been substantial.

"*Q.* And knowing that there was something wrong with the safety you still went ahead and paid for the rifle, isn't that right?

"*A.* That's right. Knowing in my mind that there was something wrong."

Later plaintiff explains the circumstances at the time of the accident:

"*Q.* When you fell you were standing, right. Is this true or false?

"*A.* That's true.

"*Q.* Your wife was not anywhere near you when you fell; true or false?

"*A.* Well, due to the condition of the gun, I refused to hunt and have her in the immediate vicinity.
\* \* \*

"*Q.* Even, Mr. Baker, when you were walking here on the by-path out to the woods you were very much afraid of the gun?

"*A.* Yes sir."

The doubts that plaintiff expresses and which are advanced in the argument that there is a jury-submissible issue seem pale in light of such testimony.

"*Q.* Why didn't you write to Winchester or go to Mr. Rosemurgy and say, 'there's something wrong with the rifle'?

"*A.* There was a little question in my mind whether it was me or the rifle.   \* \* \*

"*Q.* Were you satisfied with this rifle after the hunting season of 1959?

"*A.* In all respects except that. It was a beautiful gun, and I loved it.

"*Q.* Did you think you should do something about the safety device?

"*A.* Yes, I did.

"*Q.* Did you do anything about it?

"*A.* But I didn't know, and I waited until I'd try it the next year and see if it was me."

The record is void of any testimony beyond his unsubstantiated doubts which would be sufficient to make the issue of contributory negligence a jury-submissible issue and not the proper subject for a summary judgment. In general, his statements admitting knowledge of a defect in the rifle for 3 years prior to the accident, his failure to communicate this to anyone, all in the light of his admitted expertise in the use of a rifle over a period of 40 years, adds up to contributory negligence as a matter of law. It is noted that this case does not involve a summary judgment based on conflicting or contra-

dictory depositions, but rather is based upon testimony presumptively most favorable to plaintiff, his own.

On the subject of summary judgment, we can add little to the definitive holding of *Durant* v. *Stahlin* (1965), 375 Mich 628, nor the application thereof by this Court in *Dionne* v. *Pierson Contracting Co.* (1965), 2 Mich App 134, and *Beck* v. *Delta Recreation Corporation* (1966), 2 Mich App 518.

Establishment of plaintiff's contributory negligence disposes of his suit in the 3 areas in which his complaint sounds, *i.e.*, negligence, warranty, and strict liability in tort. That it disposes of the negligence cannot be questioned. On the matter of warranty, we recognize that this case was decided prior to *Piercefield* v. *Remington Arms Company, Inc.* (1965), 375 Mich 85. There, however, the defect was unknown. In the case before us, the plaintiff deliberately used for 3 years a weapon which he knew to be defective, a consideration which played no part in the decision in *Piercefield*.

Plaintiff's theory of strict liability in tort falls also. Even if the tests set forth in the 2 Restatement of the Law of Torts, 2d, § 402a, for this special form of liability were applied to a rifle, plaintiff's own conduct again defeats a cause of action. Comment in subsection (n) of the topic points out that "if the user or the consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery."

The summary judgment based on plaintiff's testimony in the discovery deposition was proper under these circumstances as to all defendants and is affirmed. Costs to appellees.

Holbrook, P, J., and J. H. Gillis, J., concurred.