STAMBAUGH v CHRYSLER CORPORATION

Docket No. 78-3376. Submitted January 15, 1980, at Detroit.—Decided March 17, 1980. Leave to appeal applied for.

Plaintiffs, James and Muriel Stambaugh, brought a negligence action against Chrysler Corporation and Myr Sheetmetal Company claiming damages as a result of injuries sustained by plaintiff James Stambaugh when he fell from a catwalk at a Chrysler plant. Myr Sheetmetal Company, general contractor for the installation job on which plaintiff James Stambaugh was working at the time of his fall, impleaded Stambaugh's employer, Hoyt, Brum and Link, a subcontractor, and J. A. Fredman, Inc., the subcontractor responsible for construction of the catwalk. At trial in Oakland Circuit Court, Frederick C. Ziem, J., evidence was admitted relative to an alternate safer route which plaintiff could have used at the time of his fall from the catwalk. The jury was instructed that they should return a verdict for defendants if they found plaintiff James Stambaugh was contributorily negligent. The jury returned a verdict of $8,000 in favor of plaintiffs against defendant Myr Sheetmetal Company only and found no cause for action on Myr's cross-claims against the two subcontractors. Plaintiffs' motion for a new trial was denied. Plaintiffs appeal. Myr Sheetmetal Company cross-appeals. *Held:*

1. It was error for the trial court to instruct the jury that they could find in favor of defendants if they found that plaintiff James Stambaugh was contributorily negligent. Since plaintiffs' claim was based upon a failure to provide adequate safety devices at a work site, the defense of contributory negligence was not available to defendants. Accordingly, instructing on contributory negligence was improper.

2. The evidence of the existence of an alternate route which

---

REFERENCES FOR POINTS IN HEADNOTES

[1,2] 53 Am Jur 2d, Master and Servant §§ 121, 122.

Am Jur 2d, New Topic Service Occupational Safety and Health Acts, § 34.

[3] 4 Am Jur 2d, Appeal and Error § 184.

Propriety of limiting to issue of damages alone new trial granted on ground of inadequacy of damages rendered. 29 ALR2d 1199.

[4] 73 Am Jur 2d, Summary Judgment § 26 *et seq.*

was safer than the catwalk route taken by plaintiff James Stambaugh at the time of his fall should not have been admitted. Since the catwalk in question was used by many workers from various trades performing a variety of tasks, that catwalk was a common work area which the general contractor was duty-bound to equip with adequate safety devices. Evidence of the existence of a safer route and evidence of plaintiff's knowledge of the existence of such alternate route was, therefore, irrelevant to the question of whether defendant Myr Sheetmetal satisfied its obligation to provide a safe work environment, and such evidence, accordingly, should not have been admitted.

3. The errors resulting in the improper admission of evidence and from the improper instructions to the jury are not harmless errors merely because the jury returned a verdict in favor of plaintiffs. These errors, coupled with the possibility that a grossly inadequate award of damages resulted from a compromise verdict by the jury flowing from consideration of those instructions and that evidence requires reversal and remand for a new trial. Because of the better perspective of the evidence which the trial court has, the question of whether the retrial shall be a retrial of the matter *in toto* or merely a retrial on the issue of damages is left to the discretion of the trial court.

Reversed and remanded.

1. APPEAL AND ERROR — JURY INSTRUCTIONS — CONTRIBUTORY NEGLI-
   GENCE — SAFETY DEVICES — INJURED WORKMEN.
   It is error to instruct a jury on contributory negligence with respect to a claim for injuries to a workman which alleges a failure to provide an adequate safety device at a work site, since contributory negligence by the workman is not a defense to a claim based upon a failure to maintain adequate safety devices.

2. APPEAL AND ERROR — EVIDENCE — SAFE WORK AREAS — ALTERNA-
   TIVE ROUTES — COMMON WORK AREAS — DUTY TO MAINTAIN
   COMMON WORK AREAS.
   It is error to admit evidence of an alternative safer route in a trial on a claim based upon a failure to provide a safe work area where the proofs establish that the route used by the injured workman was a common work area, since the evidence of the alternative route is irrelevant to the question of whether the general contractor satisfied its obligation to safely maintain a common work area.

3. Appeal and Error — New Trial — Trial Court — Damages.

   The Court of Appeals will leave to the trial court the determination of whether to have a new trial *in toto* or a new trial on the issue of damages where the Court of Appeals finds that the amount of damages may not have been adequate due to improper instructions relative to contributory negligence and improper admission of evidence.

4. Judgments — Summary Judgment — Question of Fact.

   Summary judgment is properly denied where the question is one of fact which is properly a question for the trier of fact.

*Beier, Howlett, McConnell, Googasian & McCann,* for plaintiffs.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Jeremiah J. Kenney*), for Chrysler Corporation.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.,* for Myr Sheetmetal Company.

*Jack Erps* (by *Sandra Prokopp*), for J. A. Fredman, Inc.

*Joselyn, Rowe, Jamieson & Grinnan, P.C.* (by *William G. Jamieson* and *Barry M. Feldman*), for Hoyt, Brumm and Link.

Before: M. J. Kelly, P.J., and Bronson and D. C. Riley, JJ.

M. J. Kelly, P.J. Plaintiffs, James and Muriel Stambaugh, brought a negligence action against Chrysler Corporation and Myr Sheetmetal Company (Myr) claiming damages as a result of injuries sustained by plaintiff James Stambaugh (hereinafter plaintiff), a 59-year old pipefitter, when he fell from a catwalk at the Chrysler Dodge Truck Plant in Warren, Michigan on November 30, 1973. Myr was the general contractor hired by Chrysler

for the installation of paint drying equipment. Based upon an indemnification agreement, Myr impleaded third-party defendant Hoyt, Brum and Link, the subcontractor which employed James Stambaugh. Myr also impleaded J. A. Fredman, Inc., the subcontractor responsible for construction of the catwalk, claiming a right to contribution. In the principal action a jury verdict was returned in favor of plaintiffs and against Myr only in the amount of $8,000. The jury also returned a verdict of no cause of action against Myr and in favor of third-party defendants Hoyt, Brum, and Link and J. A. Fredman, Inc. Plaintiffs' motion for a new trial was denied without opinion. Plaintiffs appeal as of right, and Myr has filed a cross-appeal.

Mr. Stambaugh was working as a pipefitter at the time the accident occurred. After removing a section of pipe from the pipe machine, he knelt and fell from the catwalk, which was not equipped with guardrails. Myr raised contributory negligence as a defense asserting that alternative, safer routes of transporting the pipe were available and known to plaintiff. Mr. Stambaugh's foreman, Cyril Kruger, testified that plaintiff had complained about the lack of guardrails and that he, Kruger, had directed plaintiff where to work on the morning of the accident.

The depositions of three physicians were admitted into evidence and read to the jury. Dr. Stanco Stanisavljevic, an orthopedic surgeon, examined the plaintiff after the accident and diagnosed two fractured vertebrae, multiple broken teeth, and facial abrasions. Severe back pain necessitated two subsequent hospitalizations, and plaintiff has not returned to work since November 24, 1975. In Dr. Stanisavljevic's opinion, plaintiff will require future medical treatment. William F. Veling, M.D., an occupational medicine specialist, testified by

deposition that all injuries sustained by Stambaugh could be the result of the fall. In his opinion, Stambaugh is completely and permanently disabled. Dr. William Salot testified by deposition that plaintiff's back problems may be partially attributed to a congenital swayback tendency and degenerative arthritis. Dr. Salot opined that any continuing disability is related to these conditions, whereas Dr. Stanisavljevic testified that plaintiff's continuing problems could have been aggravated by the accident and trauma to the spine. At trial, plaintiffs introduced evidence of medical expenses, including hospital and physician fees, oral surgery costs and orthopedic appliances, in the amount of $5,138. Plaintiffs further claimed $197,680 in lost wages. Defendants denied liability, damages and the characterization of plaintiff's disability as being total and permanent.

In its charge to the jury, the trial court gave the following instructions concerning negligence and the defense of contributory negligence:

"The law places ultimate responsibility for job safety in common work areas on the general contractor.

"If you find that the general contractor, Myr Sheet Metal Company, failed in its duty to implement the necessary precautions and provide the necessary safety equipment in the area where the Plaintiff was working, and if you find such to be a common work area, then Myr Sheet Metal Company is liable for all damages suffered by the Plaintiff proximately resulting from said failure, unless you find Plaintiff was contributorily negligent.

"In this case, it was the duty of Myr Sheet Metal Company to provide proper supervision and inspection as was necessary, and to stop work or order changes if it saw, through its agents or employees, an obviously dangerous situation to exist.

"It was the duty of Myr Sheet Metal Company to

provide adequate safety precautions to protect the Plaintiff from harm.

"The scope of the general contractor's responsibility will often depend on the nature of the risk and of the precaution or safeguard claimed to have been needed.

"Designation of Myr Sheet Metal as general contractor is not alone determinative of the issue of control and responsibility.

"If you find that Plaintiff unnecessarily exposed himself to risks by choosing a hazardous work area over a safe work area you may find the Plaintiff guilty of contributory negligence.

\* \* \*

"Your verdict as to the Plaintiff's claim, will be for the Plaintiff, if the Plaintiff, Mr. Stambaugh, was injured, the Defendant was negligent—this will apply to each of the Defendants—that the Defendant was negligent, and that the Defendant's negligence was a proximate cause of the Plaintiff's injuries and damages; unless Plaintiff, Mr. Stambaugh, himself, was negligent and such negligence proximately contributed to his injury and damages.

"Your verdict will be for the Defendants, this will apply to each of the Defendants, separately, if the Plaintiff was not injured, or damaged, or if that Defendant was not negligent, or if negligent, such negligence was not a proximate cause of the Plaintiff's injuries or damages, or if the Plaintiff, himself, was negligent and such negligence was a proximate contributing cause of his injuries and damages."

We agree with plaintiff that the trial court erred in instructing the jury that a finding of contributory negligence bars recovery. Contributory negligence is not an available defense when defendants have failed to provide an adequate safety device. *Tulkku v Mackworth Rees Division of Avon Industries, Inc,* 406 Mich 615; 281 NW2d 291 (1979).[1] In

---

[1] The trial judge was probably misguided by the Court of Appeals opinion which was reversed after the Stambaugh trial. See 76 Mich App 472; 257 NW2d 128 (1977).

accordance with the Supreme Court's decision in *Tulkku*, the jury should have been instructed to consider whether defendant met its obligation to provide an adequate safety device and that failure to perform that duty, if such failure was a proximate cause of plaintiff's injuries, precludes any consideration of contributory negligence as a defense.

Plaintiffs also claim error in the trial court's decision to admit evidence of an alternate, safer route for transporting pipes which was known to plaintiff at the time the accident occurred. The catwalk on which plaintiff was working was utilized by many workers from various trades performing a wide variety of tasks. The walkway therefore falls within the definition of a common work area which Myr, as the general contractor, was duty-bound to equip with adequate safety precautions. *Funk v General Motors Corp*, 392 Mich 91; 220 NW2d 641 (1974). The existence of other safe work areas within the plant was irrelevant to the jury's determination of whether defendant satisfied this obligation and should not have been admitted. MRE 401 and 402.

The discussion and disposition of the above issues is integrally related to plaintiff's argument that the jury's award is grossly inadequate. Defendants submit that any instructional error regarding contributory negligence was harmless because the jury returned a verdict in favor of plaintiff. Juries, however, are not always logical. Juries are known to return compromise verdicts, and it is difficult to measure the influence of the instructional error and erroneously admitted evidence on their deliberations. It is quite possible that the jury considered some degree of contributory negligence as a rationale for a limited award, covering

only current and estimated future medical expenses, rather than turning plaintiffs away completely. This hypothesis is supported by the fact that the jury requested reinstruction on the contributory negligence defense. Therefore, we believe the case must be either remanded for a trial limited to the issue of damages or be retried *in toto.* The verdict apparently indicates a jury finding that defendants failed to provide adequate safety equipment in the common work area where plaintiff was injured.[2] Plaintiffs are thus entitled to have the jury determine fair compensation for each of the elements of damage free of any improper consideration of contributory negligence.[3] We take the perhaps innovative step of leaving to the learned trial judge, who has a better perspective on the credibility of the witnesses and the weight of the evidence, the choice of determining whether to retry the matter *in toto* or to have a trial on damages only. This is particularly appropriate because, in the trial court's ruling on the motion for new trial, no specifics were given as to the trial court's view of the question of the inadequacy of the damages.

We find the other issues raised by plaintiff nonmeritorious, noting in particular the correctness of the court's refusal to grant summary judgment against defendant Chrysler Corporation. The degree of retained control over the project, if any, which might subject Chrysler to liability for inadequate safety measures, was a question for the trier of fact. *Funk, supra, Erickson v Pure Oil Corp,* 72

---

[2] Whether the jury found total lack of safety measures or inadequate safety measures is immaterial, since in either case, consideration of contributory negligence is precluded. *Tulkku, supra.*

[3] Comparative negligence instructions would, of course, be improper on remand since a finding of causal negligence by defendant forecloses *any* consideration of plaintiff's fault. Compare *Tulkku, supra,* and *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979).

Mich App 330; 249 NW2d 411 (1976), *lv den* 400 Mich 859 (1977).

The issues raised by third-party plaintiff Myr Sheetmetal Company are controlled by *Darin & Armstrong, Inc v Ben Agree Co,* 88 Mich App 128, 136; 276 NW2d 869 (1979), and *Funk, supra,* 104. The jury's verdict in favor of Hoyt, Brum and Link, J. A. Fredman, Inc. and Chrysler Corporation is affirmed.

The verdict in favor of the plaintiffs and against defendant Myr Sheetmetal Company is set aside and the cause is remanded to the trial court for retrial, either solely on the issue of damages or, in the exercise of its discretion, as to both liability and damages, if that court is persuaded that retrial on the liability issue is necessary. No costs are awarded between plaintiff-appellants and defendant-appellee as neither side has prevailed in full. Third party defendants-appellees are awarded costs in their favor against third-party cross-appellant.