GEORGE v EATON CORPORATION

Docket No. 48948. Submitted March 4, 1981, at Detroit.—Decided
     April 5, 1982. Leave to appeal applied for.

   Joseph H. George, a journeyman hi-lo repairman at Ford Motor
      Company, was injured when the carriage of a lift truck fell on
      him while he was servicing the truck's motors. George and his
      wife, Josephine, brought a products liability suit against the
      manufacturer of the lift truck, Eaton Corporation, in Wayne
      Circuit Court alleging improper design and construction, failure
      to provide safety devices, and failure to warn users of the lack
      of safety devices. Plaintiff also claimed that defendant had
      breached implied warranties. Defendant set forth the plaintiff's
      contributory negligence as an affirmative defense. The trial
      court, Horace W. Gilmore, J., held, as a matter of law, that
      contributory negligence is no defense but instructed the jury
      that plaintiff's comparative negligence could be considered
      when determining liability. The jury rendered a verdict in
      favor of the plaintiffs and determined that plaintiff Joseph
      George was 60% negligent in causing the accident. The court
      entered an order awarding plaintiffs 40% of the judgment.
      Plaintiffs' motion for a new trial was denied. Plaintiffs appeal.
      *Held:*

      The trial court committed error when it instructed the jury
      on comparative negligence. A plaintiff's recovery may not be
      reduced by his own negligence if the liability of the defendant
      arises from a failure to provide adequate safety devices in the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 57 Am Jur 2d, Negligence §§ 125, 126, 288, 303, 319.
     63 Am Jur 2d, Products Liability §§ 32, 70.
[3] Am Jur 2d New Topic Service, Comparative Negligence §§ 5, 6.
[4] 63 Am Jur 2d, Products Liability §§ 26, 57.
     Manufacturer's or seller's duty to give warning regarding product
        as affecting liability for product-caused injury. 76 ALR2d 9.
[5] 58 Am Jur 2d, Negligence § 456.
[6] 57 Am Jur 2d, Negligence § 278.
     63 Am Jur 2d, Products Liability §§ 32, 33, 100.
     Distinction between assumption of risk and contributory negligence.
        82 ALR2d 1218.

workplace. A locking system that keeps the carriage of a lift truck in a raised position which enables repairmen to perform foreseeable service to the truck's motors is a safety device. The full amount of the jury verdict is reinstated.

Reversed.

BRONSON, J., concurred but wrote separately to address two issues he believed were not adequately discussed by the majority and which were not resolved in this case. One is the issue of imputation of one spouse's negligence to the other in a loss of consortium action. The other issue is whether plaintiff's negligence is always inapplicable in a products liability action brought under a warranty theory.

### OPINION OF THE COURT

1. PRODUCTS LIABILITY — SAFETY DEVICES — COMPARATIVE NEGLI-
   GENCE — RECOVERY OF DAMAGES.

   A plaintiff's recovery of damages in a products liability action may not be reduced because of his own negligence if the liability of the defendant arises from a failure to provide adequate safety devices.

2. PRODUCTS LIABILITY — DEFENSES — CONTRIBUTORY NEGLIGENCE —
   COMPARATIVE NEGLIGENCE — SAFETY DEVICES.

   A plaintiff's negligence cannot be raised as a defense in a products liability action, whether it be under a doctrine of contributory negligence or comparative negligence, where evidence is presented of the defendant's causal negligence in the design or manufacture of a safety device.

3. NEGLIGENCE — COMPARATIVE NEGLIGENCE — PRODUCTS LIABILITY
   — SAFETY DEVICES.

   The comparative negligence statute is not applicable in a products liability action involving a safety device since no negligence can be attributed to the plaintiff in such a case (MCL 600.2949; MSA 27A.2949).

4. PRODUCTS LIABILITY — SAFETY DEVICES.

   The legal standard of care to be applied in a products liability action involving a defendant's failure to provide safety devices or failure to warn users of the lack of safety devices is one of reasonable care under the circumstances.

### CONCURRENCE BY BRONSON, J.

5. NEGLIGENCE — IMPUTATION OF NEGLIGENCE.

   *It is error for a trial court to impute the negligence of one*

*plaintiff to a second plaintiff in a case where the plaintiffs are each suing the defendant for his own separate injury and distinct nonderivative causes of action are raised by each plaintiff.*

6. PRODUCTS LIABILITY — BREACH OF WARRANTY — NEGLIGENCE — ASSUMPTION OF RISK.

    *A plaintiff's negligence is not always inapplicable in a products liability action brought under a warranty theory; whereas contributory negligence, as it is characteristically understood in the common law of negligence, is not a defense to a breach of warranty action, something more, something approaching assumption of the risk or disregard of known danger, may bar recovery.*

*Jasmer, Lobb & Weiss, P.C.,* for plaintiffs.

*Garan, Lucow, Miller, Seward, Cooper & Becker (Gromek, Bendure & Thomas,* of counsel), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and BRONSON and D. F. WALSH, JJ.

D. E. HOLBROOK, JR., P.J. Plaintiffs, Joseph and Josephine George, brought a products liability suit against Eaton Corporation claiming damages as a result of injuries sustained by Joseph George (hereinafter plaintiff). The jury rendered a verdict in favor of the plaintiffs and also determined that Mr. George was 60% negligent in causing the accident. Therefore, the trial court entered an order awarding plaintiffs 40% of the judgment. Plaintiffs' motion for a new trial was denied and they now appeal as of right.

Plaintiff was employed as a journeyman hi-lo repairman at the Ford Motor Company. The lift truck that plaintiff was servicing at the time of the accident was designed to pick up and transport coils of steel weighing up to 60,000 pounds. The

unit was powered by electric motors which were positioned underneath the fork and carriage assembly. Thus, in order for work to be performed on these motors, it was necessary for the carriage to be raised and held aloft. Plaintiff was injured when the carriage fell onto him while he serviced the coil carrier's motors.

The Georges brought suit against the manufacturer of the lift truck, alleging improper design and construction, failure to provide safety devices, and failure to warn users of the lack of safety devices. Plaintiffs also claimed that defendant had breached implied warranties. Defendant set forth the plaintiff's contributory negligence as an affirmative defense. The trial court held, as a matter of law, that contributory negligence is no defense but instructed the jury that plaintiff's comparative negligence could be considered when determining liability. The trial judge recognized that the issue of comparative negligence was one of first impression and concluded that, if he were wrong in charging the jury on comparative negligence, the full amount of the verdict could be reinstated on appeal.

The sole issue this Court needs to decide is whether the trial court erred by giving an instruction on comparative negligence. Panels of this Court, relying on the Supreme Court's decisions in *Funk v General Motors Corp,* 392 Mich 91; 220 NW2d 641 (1974), and *Tulkku v Mackworth Rees Division of Avis Industries, Inc,* 406 Mich 615; 281 NW2d 291 (1979), have consistently held that a plaintiff's recovery may not be reduced because of his own negligence if the liability of the defendant arises from a failure to provide adequate safety devices in the workplace. The defense of comparative negligence has been found inapposite under either the products liability statute, MCL

600.2945; MSA 27A.2945, or the rule announced in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979).

In *Timmerman v Universal Corrugated Box Machinery Corp,* 93 Mich App 680, 686; 287 NW2d 316 (1979), a panel of this Court stated that an instruction on comparative negligence would be improper at the retrial of a products liability action based on an alleged failure to provide safety devices on a catwalk in an industrial plant. The Court stated:

"In view of the policy reasons underlying the *Funk* and *Tulkku* decisions, being the fostering of worker protection and encouragement of employers and manufacturers to provide proper and adequate safety equipment, it seems to us that the employee's negligence cannot be raised as a defense, whether it be under a doctrine of contributory negligence or comparative negligence."

In *Stambaugh v Chrysler Corp,* 96 Mich App 166; 292 NW2d 510 (1980), another panel of this Court held that plaintiffs who are injured as a result of the lack of safety equipment in the workplace are entitled to have the jury determine damages free of any consideration of contributory negligence. By footnote, the Court added, "Comparative negligence instructions would, of course, be improper on remand since a finding of causal negligence by defendant forecloses *any* consideration of plaintiff's fault". (Emphasis in original.) *Stambaugh, supra,* 173, fn 3.

In *Tulkku v Mackworth Rees Division of Avis Industries, Inc (On Remand),* 101 Mich App 709; 301 NW2d 46 (1980) (hereinafter *Tulkku II),* this Court found that since no negligence can be attributed to the plaintiff in a safety device case under

*Funk* and *Tulkku,* the comparative negligence statute, MCL 600.2949; MSA 27A.2949, has no applicability. In deciding the application of *Placek,* the *Tulkku II* panel reached the same result as other panels of this Court in *Timmerman, supra,* and *Stambaugh, supra.*

In *Wells v Coulter Sales, Inc,* 105 Mich App 107, 115; 306 NW2d 411 (1981), another panel of this Court, after reviewing *Funk* and its progeny, summarized, "Thus, we conclude that a plaintiff's recovery may not be diminished by his own negligence if the liability of the defendant arises from the failure to provide adequate safety devices in the work place". However, the doctrine of comparative negligence was inapplicable in *Wells, supra,* since the case was tried to conclusion before the statute pertaining to products liability cases was enacted and before *Placek* was decided.

In the present case, the plaintiffs' assertion of negligence is based on defendant's failure to equip the coil carrier with a lock to keep the carriage in the raised position. Defendant contends that such a lock is not a safety device within the meaning of *Funk* and *Tulkku.* There is no question that the electric motors and carriage assembly are integrated into the lift truck and are not separate elements in a system of which the lift truck is also a component. See *Antcliff v State Employees Credit Union,* 95 Mich App 224; 290 NW2d 420 (1980), *lv gtd* 409 Mich 903 (1981). Therefore, we find that a locking system that keeps the carriage in a raised position, which enables repairmen to perform foreseeable service to the truck's motors, is a safety device.

Based upon the foregoing cases, we hold that the trial court committed error when it instructed the jury on comparative negligence. However, it is

unnecessary for us to remand for a new trial because of the trial court's practical judicial administration of this case. Since the jury was only instructed on plaintiffs' negligence claim, the defendant's liability cannot be attributed to the implied warranty theory of recovery. Furthermore, it is irrelevant whether the jury found defendant liable on its failure to provide safety devices or its failure to warn users of the lack of safety devices. This is because the legal standard under either factual issue is one of reasonable care under the circumstances. See *Smith v E R Squibb & Sons, Inc,* 405 Mich 79; 273 NW2d 476 (1979). In view of the policy reasons underlying *Funk* and its progeny, comparative negligence is inapplicable under either factual issue. Consequently we reinstate the full amount of the verdict found for plaintiffs. As a result of our holding, we find that the other issue raised by plaintiffs need not be addressed.

Reversed. Costs to appellants.

D. F. WALSH, J., concurred.

BRONSON, J. *(concurring).* For the most part, I concur in Judge HOLBROOK's opinion. However, I write separately to address two issues which I believe are not adequately discussed by the majority. I do this to remove any suggestion that the issues in question have been resolved by this Court in this opinion.

In this case, plaintiffs apparently did not object to the imputation of Joseph George's negligence to his wife, Josephine. Where distinct causes of action are raised, *e.g.,* where both the plaintiff driver and the plaintiff passenger sue a tortfeasor for their own bodily injuries, the trial court errs in imputing the negligence of the driver to the passenger. See *Jackson v Trogan,* 364 Mich 148, 158;

110 NW2d 612 (1961), *Paratore v Furst,* 15 Mich App 568; 167 NW2d 126 (1969), *lv den* 382 Mich 769 (1969), *Earls v Herrick,* 107 Mich App 657, 664, fn 2; 309 NW2d 694 (1981). This case involves, however, a claim for the wife's loss of consortium, an action which is derivative of the husband's. This difference might convince me in a future case in which the issue is argued that the imputation of one spouse's negligence to the other is proper. On the other hand, although derivative in nature, it is equally true that the spouse's loss in a consortium action is not occasioned by that party's own negligence. As such, I might well be persuaded to hold that, even in respect to loss of consortium actions, one spouse's negligence cannot be imputed to the other. See Note, *Torts—Action for Loss of Consortium—Husband's Contributory Negligence as a Bar,* 11 Wayne L Rev 824 (1965), criticizing the idea that the husband's negligence should be imputed to the wife where loss of consortium is alleged and arguing that a right of consortium is an independent right.

On the facts of this case, I agree with the majority that comparative negligence was not applicable. I raise the imputation of negligence problem, not to resolve it in this case, but only to explicitly note that we need not, and do not, reach this issue here.

I also write separately to indicate that I am not prepared to hold that a plaintiff's negligence is always inapplicable in a products liability action brought under a warranty theory. As I wrote for this Court in *Kujawski v Cohen,* 56 Mich App 533, 542; 224 NW2d 908 (1974), *lv den* 394 Mich 772 (1975):

"Contributory negligence, as it is characteristically understood in the common law of negligence, is *not* a

defense to a breach of warranty action. Something more than mere negligence must be shown to bar recovery, something approaching 'assumption of the risk' or disregard of known danger. *Barefield v La Salle Coca-Cola Bottling Co,* 370 Mich 1, 5; 120 NW2d 786, 789 (1963); *Baker v Rosemurgy,* 4 Mich App 195, 200; 144 NW2d 660, 663 (1966)." (Emphasis in original.)

Because defendant did not allege this "assumption of risk" type of negligence on plaintiff Joseph George's part, I concur in the majority's disposition.

Defendant relies in part on the comparative negligence statute pertaining to products liability cases enacted by the Legislature, MCL 600.2949; MSA 27A.2949, just prior to the decision in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979). However, where the underlying facts of the products liability or warranty claim are based on the failure of the defendant to provide a safety device, I agree with the decision in *Tulkku v Mackworth Rees Division of Avis Industries, Inc (On Remand),* 101 Mich App 709; 301 NW2d 46 (1980), *lv den* 411 Mich 897 (1981), that MCL 600.2949; MSA 27A.2949 is inapplicable.

I concur in the majority's result, and, except as otherwise indicated in this opinion, in the majority's rationale.